[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Hall, and the defendant intermarried on April 28, 1984, at New Haven, Connecticut.
The plaintiff in this proceeding, for at least twelve months next preceding the date of the filing of this complaint, had been a resident of this state.
There are no children born to this plaintiff wife, issue of this marriage, and none have been adopted.
Neither plaintiff nor defendant is or has been a recipient of financial aid from the State of Connecticut, any sister state, or the federal government.
Between April 28, 1984 and the date of this complaint, the marriage has broken down.
The trial began, and ended after final argument on February 18, 1992.
The court takes jurisdiction of this matter and finds that the marriage of this couple has broken down irretrievably, and that there is no reasonable hope of reconciliation.
The parties met while both were serving as soldiers in the U.S. Army, and married after a courtship of one year. They both were in the Army until 1986, and basically got along well despite duty separations, shortages of money, and differences of opinion as to the defendant's career plans.
The husband, as a civilian, was gainfully employed in responsible positions throughout their marriage time together. The wife worked at one job briefly, then after a period of unemployment, was hired by her father to manage his package store and remained in that position from 1987 to September of 1991, when her father sold the business. They are both now, and have been, since August and September of 1991, and collecting nominal unemployment compensation.
The wife has the equivalent of three years of college. The husband finished high school and plans to attend college CT Page 1077 and ultimately law school. The husband appears to be an ambitious, driving man who will work hard at any honest job he can get to attain his goals.
The wife appears to be, or has been, somewhat pampered by her parents, who bought her a car to use while she was in the service, and helped her to obtain an expensive BMW during the marriage. She received stock purchased by her mother, bought clothing at the better stores on cash and credit, was permitted to live with her husband in her parents' homes for a low, nominal rent, received cash periodic bonuses from her father while she worked for him and now unemployed, lives at home with her parents and seems disinclined to pursue employment.
During the somewhat less than seven years of their marriage, they were separated for approximately two of those years, on one or two occasions by military duty and on the other times by, or of their own volition. They differed and eventually the wife filed for a dissolution of their marriage, that was weakened by their financial needs and the husband's hard-working habits, in February 1991.
The parties have submitted a claim for relief and a trial brief and made their verbal summation arguments. The court properly considered and weighed the application of all relevant statutory factors prior to deciding this case.
It is the judgment of the court that:
A dissolution of marriage be granted on the grounds of an irretrievable breakdown of this marriage, that shows no possible hope of reconciliation.
The plaintiff is to keep all of her personal property, pay all of her debts listed and unlisted, as well as all of her counsel fees.
The defendant is to keep all of his personal property, pay all of the unpaid debts he has listed, as well as unlisted, as well as his own counsel fees.
Each party is ordered to indemnify and save harmless each other against any claims of creditors for claims due and payable and/or paid by the other.
The plaintiff's claim sought in her summation against the defendant's retirement benefits is denied, as distribution has been made to the defendant, and the moneys have been spent. This is not a current marital asset. In addition, the defendant is unemployed, with no income other than unemployment compensation, CT Page 1078 that he testified will run out at the end of February 1992.
The plaintiff's claim, verbally mentioned by her counsel, for a part of whatever he might win in a suit against U.S. Sprint, a former employer, is denied. The mentioned suit is merely a projected possible chose in action, that has not succeeded to the status of an existing interest. There is nothing pending at the present, as per testimony of the defendant.
The Barbados property consists of some land and possibly as building, that the defendant lists on his financial affidavit as being worth $200,000, and is to be jointly held by the defendant and his sister, the two heirs. As real property upon the death of the defendant's father, in October of 1990, in New York, N.Y., this property on the island of Barbados vested immediately in his heirs, his two children, and possibly their mother, as a general rule. The property and defendant's accessibility to it are presently tied up in probate in New York State and Barbados island. The Barbados property is a marital asset of the defendant and as such is subject in this action to the claim of the plaintiff. However, before an award can be made by the court to the plaintiff, there is much to be considered. The plaintiff initially demanded $80,000 as her just division of marital property, and possibly based this on the hopeful speculation that the value of the land was $250,000 and the defendant was the only heir. Her demand has been lowered to $40,000 on the still supposed value of the land to be $125,000, as his one-half share. This is still about one-third of the plaintiff's alleged valuation of this property. The defendant puts a valuation of gross $100,000 on his possible one-half share. Our law gives the court the discretion to set the amount that the demanding spouse can receive, subject to the following considerations.
The court must consider the length of the marriage, the ages of the parties, their health, occupations, income and/or sources thereof, skills, employability, their personal estates, liabilities, needs, etc. The contributions of the plaintiff and defendant that were made to the acquisition and preservation of this land must also be considered.
The defendant testified that he worked on the land as a boy and young man, and paid the taxes when due, when the land itself did not earn the requisite tax money. Thus he had a hand in the preservation of this land, while the plaintiff did not even know of it until the defendant told her of it at some time after his father's death.
The length of the marriage is less than seven years, there are no children. The plaintiff did not allege any CT Page 1079 health problems. The defendant did mention some possible stress-related psychological health problems. She is 31, he is 29.
Both parties are unemployed, subsisting on unemployment compensation, with the defendant living with a friend in California, and the plaintiff living with her parents in Connecticut.
Their employability would seem to give the nod to the plaintiff, based on her higher education. Their current liabilities are about the same as are their needs.
Based on the foregoing, and in view of the defendant's current unemployment, and present lack of any appreciable financial assets readily to hand, and the plaintiffs lack of any apparent pressing financial need, the court as a division of the marital property of the defendant, orders that she be awarded the net sum of twenty (20%) percent of the money realized from the sale of his share of the land. In the event the defendant decides not to sell the land, but to keep it and/or mortgage it to raise money, then the defendant is ordered to pay to the plaintiff the sum of $20,000. In any event, the award to the plaintiff is ordered to be paid within eighteen months from the date of this decision.
No alimony is ordered to be paid by or to either party.
William B. Ramsey State Trial Referee